UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**JUAN CARLOS LIZAMA,**
    Plaintiff,

v.

**DAVID P. STEINER,** in his official capacity as Postmaster General of the United States Postal Service,
    Defendant.

United States Courts
Southern District of Texas
FILED

JUL 30 2025

Nathan Ochsner, Clerk of Court

**CIVIL ACTION NO. _____**

**COMPLAINT FOR EMPLOYMENT DISCRIMINATION, RETALIATION, AND FAILURE TO ACCOMMODATE**

## I. INTRODUCTION

1. Plaintiff Juan Carlos Lizama, a U.S. Army veteran rated 100% permanent and total disabled, and a medically separated **(pending final adjudication)** United States Postal Service (USPS) manager, brings this action pro se under Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, and other applicable federal law for employment discrimination, retaliation, and failure to provide reasonable accommodations.

2. Plaintiff alleges that he was subjected to a **hostile work environment, discriminatory treatment on the basis of his disabilities, and unlawful retaliation for engaging in protected activities.** These actions culminated in his involuntary medical retirement, which remains the subject of an active appeal before the Merit Systems Protection Board (MSPB).

## II. JURISDICTION AND VENUE

3. Jurisdiction is proper under **28 U.S.C. § 1331** (federal question jurisdiction), as this action arises under the **Rehabilitation Act of 1973,** 29 U.S.C. § 791 et seq., and **Title VII of the Civil Rights Act of 1964,** as applied to federal employees under **42 U.S.C. § 2000e-16**.

4. Venue is proper in the **Southern District of Texas** under **28 U.S.C. § 1391(e)(1)** because a substantial part of the events or omissions giving rise to the claims

occurred in this district, and the Plaintiff was employed by the United States Postal Service in **Katy, Texas,** which is within this judicial district.

### III. PARTIES

5. Plaintiff Juan Carlos Lizama is a U.S. citizen and combat veteran residing in Katy, Texas. **He is currently employed by USPS** but is in the process of finalizing an involuntary medical retirement following agency actions that are the subject of this complaint.

6. Defendant **David P. Steiner** is the 76th Postmaster General and Chief Executive Officer of the United States Postal Service. He is sued in his official capacity as the head of USPS and is responsible for employment policy and compliance with federal anti-discrimination laws.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff initiated contact with the USPS EEO office shortly after experiencing discriminatory and retaliatory acts, but his initial contact was made nine (9) days after the 45-day deadline due to significant extenuating circumstances. These included medical impairments (such as PTSD, depression, and medication side effects), **caregiving responsibilities for his special-needs child,** and documented technical issues with the EEO eFile system. Plaintiff has since submitted a formal request for reconsideration citing these barriers to timely filing.

8. Plaintiff filed a formal EEO complaint **(Agency Case No. 6U-540-0006-24),** which was dismissed on procedural grounds for being filed nine (9) days late. **The dismissal was not based on the merits of his claims.** Plaintiff submitted a formal request for reconsideration with the EEOC's Office of Federal Operations (OFO), citing medical incapacity, caregiving responsibilities, and documented technical barriers as good cause for equitable tolling. That request was denied.

9. Plaintiff appealed that dismissal to the EEOC Office of Federal Operations (OFO), which affirmed the dismissal on **February 24, 2025** (Appeal No. 2024005099)

10. On March 24, 2025, Plaintiff filed a Request for Reconsideration and submitted extensive supporting exhibits. That request was denied on **May 22, 2025.**

11. This civil complaint is timely filed within 90 days of the final EEOC decision.

### V. STATEMENT OF FACTS

12. Plaintiff has served the USPS honorably for over **20 years**. He experiences multiple service-connected conditions, including post-traumatic stress disorder (PTSD),

traumatic brain injury (TBI), and chronic physical impairments. The U.S. Department of Veterans Affairs has assigned him a **100% permanent and total disability rating** based on the cumulative impact of these conditions. As of the filing of this complaint, Plaintiff remains on Leave Without Pay (LWOP) status **since August 2024**, due to the agency's failure to provide reasonable accommodation and the prolonged hostile work environment that led to medical incapacitation.

13. Beginning in late 2023, Plaintiff was subjected to an increasingly **hostile work environment** under his then-supervisor, Linda McChristian.

14. McChristian was aware that Plaintiff was dealing with significant health issues. Following his return from extended Family and Medical Leave (FMLA), she assigned him tasks that exacerbated his conditions and **refused to engage** in meaningful accommodation efforts. Plaintiff and other managers raised internal complaints regarding her conduct.

15. Subsequently, Plaintiff was subjected to **escalating adverse treatment**, including micromanagement, denial of telework flexibility, and scrutiny for using approved leave, even when related to medical appointments.

16. By October 2023, Plaintiff's health had severely deteriorated as a result of the hostile work environment. Multiple other managers and employees under McChristian also **experienced serious stress-related health conditions**, including two managers who developed Bell's palsy and another who suffered a stroke.

17. Plaintiff applied for FMLA and later for OPM disability retirement under **medical advice**. USPS placed him on LWOP.

18. Plaintiff filed his EEO complaint on **September 17, 2024**. However, technical issues with the USPS eFile system, including delays in the system's ability to accept uploads, combined with the effects of prescription medication, symptoms of PTSD and anxiety, and caregiving responsibilities for his special-needs child with epilepsy and autism, prevented timely submission of supporting documents. **USPS dismissed the complaint solely on a procedural technicality, citing a nine-day delay.** The agency never addressed the merits of Plaintiff's claims and failed to consider the equitable tolling factors that contributed to the delay.

19. Plaintiff appealed to the EEOC Office of Federal Operations and submitted a detailed request for reconsideration supported by medical evidence, school records for his special needs child, and **sworn declarations**. His appeal was again denied on May 22, 2025.

20. Plaintiff's OPM disability retirement application was denied. He appealed to the MSPB. That matter remains active.

21. USPS failed to take appropriate action in response to internal complaints submitted by Plaintiff, other high-level managers at the **EAS-25 and EAS-26 levels**, and employees, some of whom earned over $150,000 annually. The agency ignored the cascading health consequences experienced by multiple managers and employees under Linda McChristian's leadership and instead retaliated against those who engaged in protected EEO activity.

22. After exhausting internal reporting channels, Plaintiff initiated a **congressional inquiry** to bring national USPS leadership's attention to the hostile work environment and lack of accommodation. Despite this escalation, it took months before National HR responded, and even then, no meaningful action was taken to resolve the issues raised.

## VI. CLAIMS FOR RELIEF

### Count I — Disability Discrimination (Rehabilitation Act)

22. Defendant discriminated against Plaintiff by failing to engage in meaningful efforts to provide **reasonable accommodations** for his known disabilities and by retaliating against him upon his return from extended FMLA leave. Although Plaintiff had not submitted formal restrictions at that time, management was fully aware of his serious health conditions. Nevertheless, Plaintiff and his team were required to report to the office daily, while similarly situated EAS-level managers in other districts were allowed to telework or had flexible arrangements. Additionally, management assigned a lower-level employee within Plaintiff's own district to "train" him under the guise of professional development, **an action perceived by Plaintiff and others as an intentional attempt to undermine and humiliate him in front of subordinates.** This unequal and retaliatory treatment contributed to a hostile work environment and ultimately to Plaintiff's involuntary separation.

### Count II — Retaliation (Rehabilitation Act / Title VII)

23. Plaintiff engaged in protected activity by filing internal complaints and requesting reasonable accommodations, both informally and through the USPS Reasonable Accommodation Committee (RAC) process for his disabilities. In response, USPS retaliated by increasing his workload, placing him on LWOP, and failing to offer any reassignment or suitable position despite the Reasonable Accommodation Committee's approval of his request, effectively leaving Plaintiff without accommodation or resolution. The Plaintiff was further isolated from his team and denied meaningful support. Also, USPS **National HR**

**failed to act on hostile work environment allegations raised against Linda McChristian by multiple managers and employees, including two managers who have provided sworn statements and are willing to testify under oath regarding the toxic work environment and the agency's inaction.**

### Count III — Hostile Work Environment

24. The actions of McChristian and others fostered a work environment that became increasingly difficult for Plaintiff to endure, due to his disabilities and as a result of his protected complaints. The cumulative effect of this conduct caused significant harm to his health and ultimately led to his involuntary separation.

### VII. REQUEST FOR RELIEF

**WHEREFORE, Plaintiff respectfully requests the Court to:**

A. Declare that Defendant's conduct violated the Rehabilitation Act and Title VII.

B. **Award compensatory damages for** emotional distress, pain and suffering, mental anguish, and loss of enjoyment of life, as well as economic damages including lost wages, lost benefits, and other out-of-pocket expenses resulting from the **discrimination, retaliation, and hostile work environment**, in an amount to be determined at trial.

C. **Award back pay, including** lost wages, bonuses, and performance-based pay, as well as lost benefits such as retirement contributions, health insurance coverage, and paid leave, which were forfeited as a result of the discrimination, retaliation, and involuntary separation. Additionally, award front pay to compensate for future lost earnings, benefits, retirement growth due to the impracticality of reinstatement given Plaintiff's ongoing medical conditions and the hostile work environment.

D. Award **costs and expenses**, including **filing fees, service of process, court reporter fees, deposition costs, and other necessary litigation expenses** incurred in pursuing this action.

E. Grant such other and further relief as the Court deems just, proper, and equitable under the circumstances.

### VIII. JURY DEMAND

Plaintiff respectfully demands a trial by jury on all issues so triable as a matter of right.


**Respectfully submitted,**

*[signature]*
Dated: July 28, 2025
/s/ Juan Carlos Lizama
**Juan Carlos Lizama, MBA**
2927 Brightspring Ct
Katy, TX 77449
(832) 758-5790
lizamalz22@gmail.com
**Pro Se Plaintiff**

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Juan Carlos Lizama

### DEFENDANTS
David P. Steiner, Postmaster General, United States Postal Service

**(b)** County of Residence of First Listed Plaintiff: Harris
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Washington, D.C.
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Pro se, Juan Carlos Lizama
2927 Brightspring CT, Katy TX, 77449, 832-758-5790

Attorneys *(If Known)*
USPS Legal Department

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- [x] 442 Employment
- 443 Housing/ Accommodations
- [x] 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

PERSONAL INJURY
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e-16; 29 U.S.C. § 791
Brief description of cause:
Employment discrimination, retaliation, and failure to accommodate under Title VII and the Rehabilitation Act.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ $10,450,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:
JUDGE _____ DOCKET NUMBER _____

DATE: July 28, 2025
SIGNATURE OF ATTORNEY OF RECORD: /s/ Juan Carlos Lizama

**FOR OFFICE USE ONLY**
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____