**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JUAN CARLOS LIZAMA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-25-3536 |
| | § | |
| DAVID P STEINER, in his official | § | |
| capacity as Postmaster General of the | § | |
| United States Postal Service, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

This dispute arises out of Juan Carlos Lizama's employment at the U.S. Postal Service. Lizama alleges that he was subject to a hostile work environment, discriminatory treatment on the basis of his disabilities, and unlawful retaliation for engaging in protected activities. (Docket Entry No. 1). The defendant, David P. Steiner in his official capacity as the Postmaster General of the United States, moves to dismiss, or alternatively, for summary judgment on the ground that Lizama failed to meet the requirements to timely initiate this case. (Docket Entry No. 12).[1] Based on the pleadings, the motion, the record, and the applicable law, the court grants the motion for summary judgment. Final judgment is separately entered. The reasons are set out below.

I.    **Background**

When Lizama filed this lawsuit, he was still employed by the Postal Service but was in the process of finalizing an involuntary medical retirement. (Docket Entry No. 1 ¶ 5). As alleged in the complaint and supported by Lizama's medical records, Lizama is a veteran who suffers from several service-related conditions, including post-traumatic stress disorder, traumatic brain injury,

---

[1] Because Steiner was sued in his official capacity, the court refers to the defendant as "the government."

and chronic physical impairments.  (Docket Entry No. 1 ¶ 12; *see, e.g.*, Docket Entry No. 21 at 9).  Lizama's complaint alleges that he was subject to increasingly hostile work conditions while working at the Postal Service under his then-supervisor, Linda McChristian.  (Docket Entry No. 1 ¶ 13).  In this suit, Lizama asserts claims for disability discrimination under the Rehabilitation Act, retaliation under the Rehabilitation Act and Title VII, and for a hostile work environment.  (Docket Entry No. 1 ¶¶ 22–24).[2]

Lizama's complaint admits that he did not exhaust his administrative remedies.  He acknowledges that he made his first contact with the Postal Service's Equal Opportunity Office nine days past the 45-day deadline for doing so.  (Docket Entry No. 1 ¶ 7).  The complaint alleges that extenuating circumstances, including his own medical issues, his family's medical issues, and technical issues with the Postal Service's filing system, kept him from timely complying.  (Docket Entry No. 1 ¶ 18).  The Postal Service dismissed the EEO complaint because Lizama was late in making his initial contact.  (*Id.*).  Lizama's appeal to the EEOC Office of Federal Operations was denied.  (*Id.*).  His attempt to use a congressional inquiry to bring attention to the alleged hostile work environment and accommodation issues at the Postal Service was unsuccessful.  (*Id.* ¶ 22).

The government has moved to dismiss under Rule 12(b)(6) or, alternatively, for summary judgment under Rule 56, arguing that Lizama's claims are barred because he admittedly failed to timely initiate contact with the EEO as required by both Title VII and the Rehabilitation Act.  (Docket Entry No. 12).  The government argues that equitable tolling—which would allow this court to overlook Lizama's failure to comply with the 45-day deadline—applies only in "rare and exceptional circumstances" that are not present here.  (*Id.* at 4 (quoting *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010)).  Lizama responded, expanding the facts alleged in his

---

[2] The complaint has two paragraphs numbered "22."  The causes of action begin on the second use of "22."

complaint and submitting a variety of supporting exhibits, including medical records. (Docket Entry No. 14). At the initial conference, the court asked the government to find out whether there was any evidence that Lizama had tried to file his complaint before the deadline but was frustrated by technical issues. (Docket Entry No. 19). The government responded that it found no such evidence. (Docket Entry No. 20). Lizama responded and attached additional evidence of his own. (Docket Entry No. 21).

## II.    The Legal Standard

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting FED. R. CIV. P. 56(a)). "A fact is material if it 'might affect the outcome of the suit.'" *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019), *as revised* (Jan. 25, 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). When considering a motion for summary judgment, the court "must consider all facts and evidence in the light most favorable to the nonmoving party" and "must draw all reasonable inferences in favor of the nonmoving party." *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013). The movant is entitled to judgment as a matter of law when "the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex Corp.*, 477 U.S. at 323. But "[i]f 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson*, 477 U.S. at 250).

### III.    Analysis

The threshold issue raised by the government's motion is exhaustion.  Both Title VII and the Rehabilitation Act require an aggrieved person to "initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory."  *See* 29 C.F.R. § 1614.105(a)(1); *see also Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003).  "Failure to initiate contact within the required period bars review of the claim in federal court absent waiver, estoppel, or equitable tolling."  *Austin v. Potter*, 358 F. App'x 602, 605 (5th Cir. 2010).

Lizama admits that he did not initiate contact until nine days after the 45-day period had run.  His complaint and response brief argue that equitable tolling should apply because of extenuating circumstances comprising his medical impairments, caregiving responsibilities for his special-needs child, and "documented technical issues with the EEO eFile system." (Docket Entry No. 1 ¶ 7; Docket Entry No. 14).  Lizama's response to the government's motion, as well his response to the government's response to the court's request for additional factual development, provide significantly more detail on the tolling issue, and he relies on various exhibits, including medical records.  Under these circumstances, the court will treat the government's motion as one for summary judgment and will consider the record beyond the pleadings.[3]  To the extent that Lizama requests relief under Rule 56(d), that request is denied both because Lizama has not sufficiently identified specific additional facts that discovery might reveal that would affect the

---

[3]  "When a court considers evidence outside of the pleadings, it should convert the motion into a motion for summary judgment." *Galvan v. Calhoun County*, 719 F. App'x 372, 375 (5th Cir. 2018) (per curiam). "Conversion is appropriate when the nonmovant has adequate notice that the court may consider matters outside of the pleadings." *Id*.  The record shows that (1) the government explicitly moved in the alternative for summary judgment, (2) Lizama himself provided numerous records that were not referenced to or attached to his complaint, (3) the court asked the government to provide additional facts on Lizama's efforts to initiate contact with the EEO Office, and (4) Lizama passingly requested Rule 56(d) relief.  Lizama was on sufficient notice that the court could (and likely) would treat the government's motion as one for summary judgment and consider matters outside the pleadings.

court's analysis of the pending motion for summary judgment, and because he has not provided a declaration specifically in support of the additional discovery. *See United States v. Eventeurs, LLC*, No. H-25-5548, 2026 WL 1512164, at *1 (S.D. Tex. May 29, 2026).

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). It is a "narrow exception" that "should be 'applied sparingly.'" *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th Cir. 2011) (quoting *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002)). "The party who involves equitable tolling bears the burden of proof." *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002). A district court's decision not to exercise equitable tolling is reviewed for abuse of discretion. *Id.*

"Generally, in the Title VII context, there are three bases for equitable tolling: (1) a pending action between the parties in the wrong forum; (2) the plaintiff's unawareness of the facts supporting his claim because defendant intentionally concealed them; and (3) the EEOC's misleading the plaintiff about his rights." *Phillips*, 658 F.3d at 457. These three grounds are not strictly exclusive. The Fifth Circuit is nonetheless clear that equitable tolling "applies only in 'rare and exceptional circumstances.'" *Teemac*, 298 F.3d at 457 (quoting *Davis*, 158 F.3d at 811). "Courts grant requests for equitable tolling most frequently where 'the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Id.* (quoting *Patterson*, 211 F.3d at 930).

Lizama seeks equitable tolling because: (1) during the 45-day period, he was dealing with PTSD, depression, and pain; (2) during October and November 2023, his son, who has epilepsy and autism, was having seizures, which affected Lizama's sleep and day-to-day functioning; (3)

when he tried to open an EEO case, the system rejected his file because it had apostrophes in the file name, and he did not realize that the apostrophes were the issue until May 4, 2024; and (4) before he contacted the EEO, he reported his concerns directly to the human resources department and to the leaders at his office, and he reasonably believed they would investigate and address the issue.  (Docket Entry No. 14).  These assertions are supported by various exhibits, including Lizama's declaration and some medical records.  (*Id.* at 10–34).  Lizama's response to the government's response to the court's request for additional factual development adds more exhibits and details, including a doctor's note showing that Lizama was still suffering from PTSD and depression in April 2024.  (Docket Entry No. 21 at 9).

While Lizama paints a sympathetic picture, he does not provide a sufficient basis for equitable tolling under the Fifth Circuit's strict requirements.  "Although cautious not to apply the statute of limitations too harshly, we recognize that the equitable tolling doctrine is to be applied only if the relevant facts present sufficiently 'rare and exceptional circumstances' that would warrant application of the doctrine."  *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (quoting *Davis*, 158 F.3d at 811).  "We recently explained that equitable tolling 'applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights,' and noted that 'excusable neglect' does not support equitable tolling."  *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).  The Fifth Circuit is "reluctan[t] to apply equitable tolling even in extraordinary circumstances."  *Alexander v. Cockrell*, 294 F.3d 626, 630 (5th Cir. 2002) (per curiam).

Lizama's evidence and arguments do not present "extraordinary circumstances."  First, Lizama's son's medical issues are alleged to have occurred in late 2023, many months before the 45-day deadline expired.  (Docket Entry No. 14 at 4–5).  In any event, even assuming that his son's

issues were ongoing in April 2024, neither his son's medical issues nor Lizama's own medical issues in late 2023 and during the 45-day period are sufficient for equitable tolling. The Fifth Circuit has held that a plaintiff's mental illness qualifies as an "extraordinary circumstance" only if the plaintiff were institutionalized or adjudged mentally incompetent, and that a doctor's note stating that the plaintiff's depression and stress made him unable to make decisions about his employment was insufficient for equitable tolling of the 45-day limitations period. *Vidal v. Chertoff*, 293 F. App'x 325, 329 (5th Cir. 2009).

Next, there is no allegation (or evidence) that the Postal Service misled or tricked Lizama about how and when to file his complaint. The error related to the apostrophe stems from Lizama's own confusion. Under the Fifth Circuit's strict view of equitable tolling, that cannot be the basis for equitable tolling. *See, e.g.*, *Teemac*, 298 F.3d at 458 (refusing to toll a time limit because of the plaintiff's lack of fluency in English, noting that although an "employee's diligent pursuit of remedies is relevant," it is not, standing alone, sufficient to justify tolling). Lizama's evidence of his limited conversations with the human resources department and other Postal Service staff also does not support equitable tolling. Instead, viewing all the evidence in the light most favorable to Lizama, it shows that Lizama believed that the department would investigate his allegations of a hostile work environment, and that in March 2024, the department was not particularly responsive to Lizama's concerns. There is no indication in the record (nor does Lizama allege) that he was told not to proceed with an EEO complaint or that his inability to reach a hotline number "prevented [him] in some extraordinary way from asserting his rights." *Teemac*, 298 F.3d at 457 (quoting *Patterson*, 211 F.3d at 930). Lizama was neither "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Harris*, 628 F.3d at 239; *see also Melgar v. T.B. Butler Publ'g Co., Inc.*, 931 F.3d 375, 381 (5th Cir. 2019).

In sum, although the delay was only nine days, Lizama has provided an insufficient basis in fact and law to apply the extraordinary and narrow remedy of equitable tolling.  It is the "party who invokes equitable tolling" who "bears the burden of proof," and Lizama has not met his burden.  *Teemac*, 298 F.3d at 457.

## IV.    Conclusion

The court grants the motion for summary judgment.  (Docket Entry No. 12).  Final judgment is separately entered.

SIGNED on June 10, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge